# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GARIN D. THREET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 4:18-CV-00751-DGK-SSA |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Garin D. Threet ("Plaintiff") petitions for judicial review of an adverse decision by Defendant, the Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434 and 1381-1383f. The Administrative Law Judge ("ALJ") found Plaintiff's allegations of disabling symptoms were not supported by the medical record and determined Plaintiff retained the residual functional capacity ("RFC") to perform other work as a deli slicer, automotive detailer, and hand packager. Thus, the ALJ found he was not disabled.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on June 4, 2015, alleging he became disabled on January 1, 2013. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed

the denial to an ALJ. The ALJ held a hearing, and on November 9, 2017, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on July 20, 2018. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id*. The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Four by discrediting his subjective complaints, giving great weight to the opinions of Rick Thomas, Ph.D., and Stephen Scher, Ph.D., and giving little weight to the joint opinion of David G. Lawson, M.Ed., and Nina L. Epperson, M.S. He also argues the ALJ failed to meet his burden at Step Five of proving Plaintiff was capable of other work.

I. **The RFC is supported by substantial evidence.**

An RFC is the most a claimant can do despite the combined effect of all credible limitations. *See* 20 C.F.R. § 404.1545(a)(1). The claimant has the burden to prove the RFC at Step Four of the sequential evaluation process. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An ALJ develops the RFC based on all relevant evidence of record, including the claimant's subjective statements about his limitations, as well as medical opinion evidence. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2015).

A. **The ALJ did not err in discrediting Plaintiff's subjective complaints.**

Plaintiff argues the ALJ erred in failing to incorporate into the RFC many of Plaintiff's subjective complaints, which the ALJ discredited as being inconsistent with the objective medical evidence. Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). In analyzing a claimant's subjective complaints, the ALJ must consider the *Polaski* factors, which include the claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness and side

effects of medication; any precipitating and aggravating factors; any functional restrictions; the claimant's work history; and the absence of objective medical evidence to support the claimant's complaints. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ, however, need not discuss every *Polaski* factor. *See Buckner*, 646 F.3d at 558.

Here, the ALJ discounted Plaintiff's allegations of disabling symptoms because his activities of daily living, work history, treatment notes, and improvement with treatment were inconsistent with his complaints of disabling pain. R. at 32-34. These are good reasons for discounting subjective complaints. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (finding the ALJ did not improperly discount the plaintiff's subjective complaints because they were inconsistent with his daily activities and medical records). They are also supported by the record.

Indeed, Plaintiff's psychiatric symptoms were largely stable through the relevant period, and when Plaintiff took his medication and received treatment, his mood stabilized, his paranoia improved, and he had "increased clarity and organization of thought." R. at 350, 358, 376, 379-80, 419, 470, 477, 479, 486, 504, 507, 509, 515-16, 519, 521, 531, 543, 547, 550, 585. Plaintiff also had a part-time job at Little Caesar's Pizza for nine months during the relevant period, and he only lost his job because the restaurant closed. R. at 67-68, 547-48. Plaintiff also worked occasional "odd" jobs and routinely expressed that he would feel better psychologically if he could find employment. R. at 343, 371, 381, 420, 457, 463, 465. Additionally, Plaintiff cared for his disabled brother and drove him to work daily. R. at 61-63, 70, 437, 515, 521. He cooked, cleaned his apartment, washed laundry, shopped for groceries, drove, read, went for walks, watched television, played computer games, and socialized on the internet. R. at 50-62, 70-72, 291-94, 346, 376, 449, 451, 457, 519, 616.

Because Plaintiff's treatment records, improvement with medication, work history, and daily activities are inconsistent with Plaintiff's subjective complaints that his mental impairments are disabling, the ALJ did not err by failing to incorporate all of his subjective complaints into the RFC.

**B.     The ALJ did not err in weighing the medical opinions of record.**

Plaintiff also argues that ALJ erred in weighing the opinions of Dr. Thomas and Dr. Scher, as well as the joint opinion of Dr. Lawson and M.S. Epperson.

As to Dr. Thomas, Plaintiff claims the ALJ erroneously gave great weight to his opinion because he did not perform a "function-by-function" assessment of Plaintiff's mental functional limitations. Plaintiff, however, cites no authority which requires Dr. Thomas to perform a function-by-function assessment. Nor could he. Such an assessment is to be conducted by the ALJ.[2] *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir.2000) ("*The Commissioner* must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.") (emphasis added); *see also* S.S.R. 96–8p, 1996 WL 374184, at *3 (Soc. Sec. Admin. July 2, 1996) (the RFC "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities," despite his or her physical or mental limitations).

Plaintiff nevertheless asserts this is error because the ALJ gave little weight to the opinion of Dr. Lawson and Ms. Epperson in part because they did not perform a functional assessment.

---

[2] It is unclear whether Plaintiff is arguing the ALJ failed to conduct a function-by-function assessment. If so, that argument is without merit. After considering the opinion evidence, treatment notes, Plaintiff's testimony, Plaintiff's working history, and other records, the ALJ conducted a detailed analysis of the record describing why Plaintiff could perform a full range of work with specific nonexertional limitations. Thus, the ALJ did not err.

5

Instead, they opined that Plaintiff's schizoaffective disorder prevented him from engaging in employment for at least thirteen months.

Whether Plaintiff was unable to maintain gainful employment, however, is an issue reserved for the Commissioner and can be determined only after assessing Plaintiff's functional capacities. *See Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (finding statements from a doctor that a claimant cannot be gainfully employed "are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner].") (internal quotation marks omitted). Moreover, and as noted by the ALJ, their opinion was derived from the standards used for obtaining Medicaid, which are different than the standards used by the Social Security Administration. 20 CFR §§ 404.1504, 416.904 (SSA is not bound by disability determinations made by other agencies). Thus, the ALJ committed no error in giving their opinion little weight.

Next, Plaintiff alleges that because Dr. Scher was a non-examining, non-treating State agency physician who reviewed the record two years prior to the ALJ's decision, the ALJ erred in giving significant weight to his opinion. This argument is without merit.

An ALJ may properly give great weight to the opinion of a non-treating, non-examining physician if the circumstances warrant. *See* SSR 96–2p (opinions from sources other than treating sources can never be entitled to "controlling weight," but they "may be entitled to great weight"). Here, Dr. Scher's opinion was consistent with the record as whole, including with the medical records issued after his opinion, so the ALJ did not err in assigning great weight to his opinion.

Finally, Plaintiff contends even if the ALJ did not err in assigning the opinion great weight, it does not constitute substantial evidence to support the ALJ's decision. The ALJ, however, did not rely solely on Dr. Scher's opinion in forming the RFC but rather relied on all the relevant

6

evidence of record, including Dr. Thomas' opinion and Plaintiff's daily activities, work history, medical records, and frequency and duration of treatment. Thus, the RFC is supported by substantial evidence. *See Mabry v. Colvin*, 815 F.3d 386, 390-91 (8th Cir. 2016) (holding it was proper for the ALJ to rely in part on the non-examining state agency doctors' opinions when they were consistent with the other evidence in the record).

### C. The RFC accounted for Plaintiff's moderate limitations in concentration, persistence, or pace.

The ALJ limited Plaintiff to a full range of work but noted the following non-exertional limitations: "he can understand, remember and carry out simple, routine tasks and he can tolerate occasional interaction with supervisors, co-works, and the public." R. at 19. Plaintiff argues the ALJ erred by failing to incorporate moderate limitations in concentration, persistence, or pace into the RFC.

When an ALJ states that a claimant has impairments of concentration, persistence, or pace, the hypothetical must include those impairments. *See Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (holding when there is a finding that the claimant has deficiencies of concentration, persistence, or pace, a reference to "simple jobs" in the hypothetical is not enough to constitute inclusion of such impairments). The Eighth Circuit has held, however, that limiting a plaintiff to "simple, repetitive, routine tasks adequately captures [his or her] deficiencies in concentration, persistence or pace." *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001); *accord Benckeser v. Berryhill*, No. 4:17-CV-00559-DGK-SSA, 2018 WL 3474086, at *2 (W.D. Mo. July 19, 2018); *Martin v. Berryhill*, 4:16-CV-00978-DGK-SSA, 2017 WL 3704602, at *2 (W.D. Mo. Aug. 28, 2017) (finding that the ALJ properly accounted for moderate limitations with concentration, persistence, or pace by limiting the plaintiff to simple routine work and only occasional interaction

with others). Thus, the ALJ sufficiently accounted for Plaintiff's moderate deficiency in concentration, persistence, or pace in the RFC.

**II.     The ALJ met her burden of proving Plaintiff was capable of other work.**

Finally, Plaintiff claims that the hypothetical question the ALJ posed to the vocational expert was flawed because it was based upon an incorrect RFC determination. This argument is unavailing because it is premised on the Court finding the ALJ erred in formulating Plaintiff's RFC, and, as discussed above, the ALJ did not err in that respect.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   September 6, 2019                    /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT